**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROBERT MAYBERRY,**                         :

         **Plaintiffs**                         :

                               :

      **v.**                         :          **Case No. 1:25-cv-00616**

                               :          **Judge Susan J. Dlott**

                               :          **Magistrate Judge S. Courter M. Shimeall**

**CHAE HARRIS WARDEN W.C.I.,**               :

                               :

         **Defendant.**                         :

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Robert Mayberry, an Ohio inmate representing herself in this case, brings this civil rights action against Chae Harris in his official capacity as the Warden of Warren Correctional Institution ("WCI").  (Complaint, ECF No. 3.)  Plaintiff alleges that she suffers from various "mental health conditions."  (*Id.* at PAGEID #: 32.)  She seeks "hormone treatment," "gender reassignment surgery," and "transfer [] to a female prison."  (*Id.*)  Taken in a light most favorable to Plaintiff, she seems to allege that Defendant Harris has been deliberately indifferent to her serious medical needs in violation of the Eighth Amendment.  (*See id.* at PAGEID #: 31–33.)  As relief, Plaintiff seeks an order requiring the prison to provide her with hormone therapy and gender affirming surgery.  (*Id.* at PAGEID #: 32.)

This matter is currently before the Court on Defendant's Motion to Dismiss (ECF No. 5), and Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 12).  For the reasons that follow, the Undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.  (ECF No. 5.)  The Undersigned further recommends that Plaintiff's Motion for Leave to File an Amended Complaint be **DENIED WITHOUT PREJUDICE** on grounds of futility under Federal Rule of Civil Procedure 15(a).  (ECF No. 12.)

## I.    BACKGROUND

Plaintiff's case proceeded past an initial screen in October of 2025.  (*See* ECF No. 2.) Defendant then filed a motion to dismiss in January of this year, arguing that Plaintiff's complaint should be dismissed because she failed to exhaust her administrative remedies, as required by the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(a).  (ECF No. 5.)  On February 19, 2026, this Court issued a Show Cause Order after Plaintiff failed to respond to the motion to dismiss. (ECF No. 8.)  Plaintiff sought and received an extension on her response deadline, after which the parties fully briefed the case.  In the midst of briefing the case, Plaintiff filed a Motion for Leave to File Amended Complaint.  (ECF No. 12.)  In it, Plaintiff asks for leave to file an amended complaint "once she exhaust[s] all available state remedies."  (*Id.* at PAGEID #: 70.)

## II.    STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also id.* (facial plausibility established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Courts must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 556 U.S. at 678.  The Court holds *pro se* complaints "'to less stringent

standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## III.    DISCUSSION

Before bringing an action under 42 U.S.C. § 1983 or any other federal law, prisoners are required to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). The Sixth Circuit Court of Appeals has explained the following regarding exhaustion of remedies:

> The Prison Litigation Reform Act requires state prisoners to follow and exhaust all applicable state grievance procedures before filing suit in federal court. *See* 42 U.S.C. 1997e(a); *Woodford v. Ngo*, 548 U.S. 82, 90 [] (2006). This requirement is not jurisdictional; rather, exhaustion is an affirmative defense that must be pleaded and proved by the defendants. *Jones [v. Bock]*, 549 U.S. [199, 212 (2007)]. When the defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies. *Surles v. Andison*, 678 F.3d 452, 455–56 (6th Cir. 2012).
>
> There is no uniform federal exhaustion standard. A prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution. *Jones*, 549 U.S. at 217–19[]. "This court requires an inmate to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether 'those efforts to exhaust were sufficient under the circumstances.'" *Risher [v. Lappin]*, 639 F.3d [236, 240 (6th Cir. 2011)] (quoting *Napier v Laurel Cty.*, 636 F.3d 218, 224 (6th Cir. 2011)).

*Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

The purpose of the exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324–25 (6th Cir. 2010).

In Ohio, the inmate grievance procedures are set forth in Ohio Administrative Code § 5120–9–31.  This regulation creates a three-step process governing requests by inmates for relief "regarding any aspect of institutional life that directly and personally affects the [inmate]."  O.A.C. § 5120-9-31(A), (J).  First, the inmate must "file an informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint."  O.A.C. § 5120-9-31(J)(1).  Second, if the inmate is dissatisfied with the result, she may file a formal grievance with the inspector of institutional services at her institution.  O.A.C. § 5120-9-31(J)(2).  Third, if an inmate remains dissatisfied, she may file an appeal to the office of the chief inspector.  O.A.C. § 5120-9-31(J)(3).  An inmate has not exhausted her remedies under § 5120-9-31 until she has received a decision on his appeal to the office of the chief inspector. *Younker v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-00749, 2013 WL 3222902, at *4 (S.D. Ohio June 25, 2013).  Notably, "[a] complaint is subject to dismissal for failure to state claim if the allegations, taken as true, . . . show that relief is barred by an affirmative defense."  *Mattox*, 851 F.3d at 590.

Here, Defendant argues that Plaintiff has failed the PLRA's exhaustion requirement. Defendant is correct: Plaintiff's Complaint establishes on its face that she failed to comply with the PLRA's exhaustion requirement.  Thus, this is the "rare case" where Defendant has sufficiently proven lack of exhaustion.  *See Monaco v. Doe*, No. 2:22-cv-2888, 2024 U.S. Dist. LEXIS 116976, at *18–19 (S.D. Ohio July 2, 2024), *report and recommendation adopted*, No. 2:22-cv-2888, 2024 U.S. Dist. LEXIS 151346 (S.D. Ohio Aug. 22, 2024) ("And—but for the rare case in which a plaintiff has included allegations or evidentiary exhibits that convincingly show [s]he has failed to exhaust—a defendant cannot win on this defense unless the defendant proves a lack of exhaustion.").

Plaintiff acknowledges this deficiency, and responds by seeking leave to "file an amended complaint once she has exhausted all available state administrative remedies." (ECF No. 12 at PAGEID #: 70.)  That said, she has not yet exhausted all of her remedies, and any amended complaint she would file at this moment would therefore be futile.  *See, e.g.*, *Breckenridge v. Turner*, No. CIV.A. 2:07-CV-988, 2008 WL 3200667, at \*2 (S.D. Ohio Aug. 6, 2008), *report and recommendation adopted*, No. 2:07-CV-988, 2008 WL 4114543 (S.D. Ohio Aug. 28, 2008); *see also Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (explaining that a court can deny a motion for leave to amend on futility grounds).

Accordingly, because it has been established from the pleadings that Plaintiff has failed to properly exhaust her administrative remedies, it is **RECOMMENDED** that the Court **GRANT** Defendant's Motion to Dismiss for failure to state a claim (ECF No. 5) and **DENY WITHOUT PREJDUICE** Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 12) on grounds of futility.

## IV.    CONCLUSION

For these reasons, the Undersigned **RECOMMENDS** that the Court **GRANT** Defendant's Motion to Dismiss (ECF No. 5), and **DENY WITHOUT PREJUDICE** Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 12).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is

made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *S. Courter M. Shimeall*
S. COURTER M. SHIMEALL
UNITED STATES MAGISTRATE JUDGE