IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Robert Mayberry, | : | Case No. 1:25-cv-616 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | Order Adopting Report and |
| | : | Recommendation |
| Chae Harris Warden W.C.I., | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Report and Recommendation issued by the

Magistrate Judge on April 7, 2026, to which no objections were filed.  (Doc. 15.)  For the

reasons that follow, the Magistrate Judge's Report and Recommendations will be **ADOPTED**.

Plaintiff Robert Mayberry filed a *pro se* complaint for deliberate indifference to serious

medical needs pursuant to 42 U.S.C. § 1983 on October 2, 2025.  (Doc. 3.)  Defendant Chae

Harris Warden W.C. I. filed a Motion to Dismiss, and Plaintiff filed a Motion for Leave to File

an Amended Complaint.  (Doc. 5, 12.)  On April 7, 2026, the Magistrate Judge issued a Report

and Recommendation in which he found Plaintiff failed to properly exhaust his administrative

remedies, a requirement under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, before

bringing an action under 42 U.S.C. § 1983.  (Doc. 15 at PageID 79, 81.)  As such, the Magistrate

Judge recommended: (1) Defendant's Motion to Dismiss be granted without prejudice for failure

to state a claim under 42 U.S.C. § 1983, and (2) Plaintiff's Motion for Leave to File an Amended

Complaint be denied without prejudice on grounds of futility.  (*Id.* at PageID 81.)  Plaintiff did

not file objections to the Magistrate Judge's Report and Recommendation.

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1)

authorize magistrate judges to make recommendations concerning dispositive motions that have

1

been referred to them.  Parties then have fourteen days to file and serve specific written objections to the report and recommendations.  28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party files objections to a report and recommendation on a dispositive matter, a district judge must review the objections under the *de novo* standard.  *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

When no objections are filed, "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review [the] magistrate's report."  *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3-19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made.").  Nonetheless, some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error.

As no objections were filed, and finding the Report and Recommendation to be well-taken, the Court **ADOPTS** the Report and Recommendation.  (Doc. 15.)  The Court, therefore, (1) **GRANTS** Defendant's Motion to Dismiss without prejudice for failure to state a claim under 42 U.S.C. § 1983, and (2) **DENIES** Plaintiff's Motion for Leave to File an Amended Complaint on grounds of futility. (Doc. 5, 12.)

**IT IS SO ORDERED**.

Dated:  May 26, 2026        S/Susan J. Dlott_____
                            Judge Susan J. Dlott
                            United States District Court

2